UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN ESTEVEN ORTIZ NAVARRO,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2169

Honorable Paul L. Maloney

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis* in this action. (ECF No. 5.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.2.)[1]

[1] Petitioner also filed an emergency motion seeking release or release on bond during the pendency of this action. (ECF No. 2.) In this opinion, the Court resolves this action. In light of this, the entry of this opinion and the corresponding judgment moots Petitioner's pending motion (ECF No. 2).

In an order entered on July 29, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 8.) Respondents filed their response on August 3, 2026. (ECF No. 9.)

**II. Relevant Factual Background**

On February 19, 2026, the Court conditionally granted Petitioner's first habeas petition, which had challenged his initial detention without a bond hearing. Op. & J., *Ortiz Navarro v. Unknown Party* (*Ortiz Navarro I*), No. 1:26-cv-275 (W.D. Mich. Feb. 19, 2026), (ECF Nos. 10, 12). Thereafter, pursuant to the Court's February 19, 2026, opinion and judgment, the Detroit Immigration Court held a § 1226 bond hearing. Status Report, *id.*, (ECF No. 13). Following the hearing, in a written order issued on February 26, 2026, the Detroit Immigration Court denied bond, stating: "flight risk." Order Immigration Judge, *id.*, (ECF No. 13-1).

On March 23, 2026, Petitioner filed a second habeas petition challenging the constitutionality of the February 26, 2026, bond hearing. Pet., *Ortiz Navarro v. Unknown Party #1* (*Ortiz Navarro II*), No. 1:26-cv-947 (W.D. Mich. Mar. 23, 2026), (ECF No. 1). In an opinion and judgment entered on April 20, 2026, the Court dismissed Petitioner's petition without prejudice, concluding that Petitioner must first exhaust his administrative remedies because "Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision," and "Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment." Op., *id.*, (ECF No. 15, PageID.75).

On May 4, 2026, Petitioner filed a third habeas petition, contending that "new evidence," which consists of "additional family declarations" and information about "[a] stable residence and family support," "defeats [the Immigration Court's] flight risk finding" and that he was subjected to unsafe conditions of confinement. Pet., *Ortiz Navarro v. Unknown Party #1* (*Ortiz Navarro III*),

No. 1:26-cv-1462 (W.D. Mich. May 4, 2026), (ECF No. 1). In an opinion and judgment entered on June 10, 2026, the Court dismissed Petitioner's petition without prejudice, concluding that Petitioner must first exhaust his administrative remedies and because his claims regarding the conditions of his confinement may not be brought in a habeas action, but may be raised separately in a civil rights action. Op., *id.*, (ECF No. 10, PageID.50–51).

## III. Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Analysis

In Petitioner's present § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.2.) In support of this requested relief, Petitioner argues that his detention has become unreasonable due to the conditions of his confinement, including assault, threats, and concerns regarding medical care. (*Id.*) However, § 2241 "is not the proper vehicle for a prisoner to challenge conditions of confinement." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Petitioner's claims "fall outside of the cognizable core of habeas corpus relief," *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006), and should instead be brought as a civil rights complaint. *See Richards v. Taskila*, 2020 WL 6075666, at *1 (6th Cir. Sept. 3, 2020) ("As the district court noted, habeas review is limited to claims challenging

the fact or duration of a prisoner's confinement, and constitutional challenges to the conditions of a confinement are more appropriately brought in a § 1983 civil rights action"). Accordingly, the Court will dismiss Petitioner's § 2241 without prejudice.

## **Conclusion**

For the reasons set forth above, the Court will enter a judgment dismissing the petition without prejudice.

Dated: August 12, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge